## Columbian Mut. Life Ins. Cò. *v.* Jones.

(Division B.   Oct. 28, 1935.)

[163 So. 687. . No. 31860.]

**Jas. A. Cunningham,** of Booneville, for appellant.

**Eugene P. Lacy,** of Booneville, for appellee.

**Griffith, J.**, delivered the opinion of the court.

On September 6, 1933, appellee was carrying, in full force with all premiums paid, a life and accident policy with appellant company. The policy covered insurance against broken arms or legs, and in that connection contained the following stipulation:

"If there be no default in the payment of premiums on the date of such disability or accident and if this policy continues in full force and all premiums required herein are duly paid, upon receipt of satisfactory proofs, including an X-ray photograph indicating the complete fracture of an arm at or above the wrist, or a leg at or above the ankle, the Company will pay one-twentieth of the value of this policy, provided however, that in no event will a second payment be made for the breaking of the same limb or limbs."

On the date mentioned the insured suffered an accident to his ankle, and when an X-ray photograph was taken thereof, the photograph, when first taken, disclosed a fracture of the astragalus bone of the ankle. The proper proof of loss, and the X-ray photograph were delivered to the local agent of the insurance company who at once forwarded the same to the home office of the company.

When the X-ray photograph reached the home office, it was so dark that it was unintelligible in so far as concerned the depiction of a fracture, and in fact was so dark that no fracture was thereby disclosed. The home office immediately communicated information of this fact through its local agent to insured with the request or

suggestion that another X-ray photograph be taken and forwarded, finally offering to have this new photograph taken at the expense of the company, but no additional or intelligible X-ray photograph was ever thereafter furnished.

Upon the trial the contested point and the only point at issue between the parties, either upon the law or upon the facts, was whether at the time the X-ray photograph was delivered to the company it was an intelligible photograph. It is undisputed that when it reached the home office it was not intelligible or readable so far as the disclosure of any fracture was concerned; the testimony is utterly silent as to the condition of the photograph when it was delivered to the local agent. The local physicians who took the photograph testify, and their testimony is undisputed, that it was readable and disclosed the fracture when it was first taken and before it became dry, but their testimony wholly fails to disclose whether it was intelligible or readable after it became dry, or when it was delivered to the agent of the company, and they admit that such photographs often become darkened in the process of drying.

The testimony, therefore, fails to disclose as a matter of actual fact whether the photograph when delivered to the agent of the company was intelligible or readable, as to which the burden of proof was upon appellee, assuming for the purposes of this case that a delivery to the agent was a delivery to the company. To deliver to the company a photograph so dark as to be unintelligible does not comply with the quoted stipulation, which stipulation is entirely reasonable and valid.

Reversed and remanded.